656 So.2d 284 (1995)
COASTAL PETROLEUM COMPANY, Appellant,
v.
Lawton CHILES, Governor, et al., as and constituting The Board of Trustees of the Internal Improvement Trust Fund, State of Florida; and as constituting The Executive Board of the Department of Natural Resources, State of Florida, Appellees.
No. 93-3383.
District Court of Appeal of Florida, First District.
June 23, 1995.
*285 Robert J. Angerer, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Denis Dean and Jonathan A. Glogau, Asst. Attys. Gen., Parker Thompson, Sp. Asst. Atty. Gen., Tallahassee, for appellees.
Charles W. Pittman and Susan W. Fox of Macfarlane Ferguson, Tampa, John K. Aurell of Macfarlane Ausley Ferguson & McMullen, Tallahassee, for amici curiae.
PER CURIAM.
Coastal Petroleum Company seeks reversal of a final summary judgment entered in favor of the State of Florida, the appellee and defendant in Coastal's inverse condemnation suit. Because genuine issues of material fact exist, we reverse the summary judgment. For the same reason, we affirm the lower court's denial of Coastal's motion for partial summary judgment.
Coastal came into possession of certain oil and gas drilling leases on off-shore property some fifty years ago. In 1968, the state challenged the validity of these leases in federal district court, and, while Coastal's interest was preserved by the district court judgment, the parties nevertheless entered into lengthy settlement negotiations. A settlement agreement was eventually obtained, and a consent decree was entered in 1976. Among other things, the settlement agreement provided that Coastal would surrender its interests in certain property entirely while retaining a royalty interest or a leasehold interest in other property. The royalty interest provides a 6.25% interest in the well-head value of certain property for a term of 40 years.
In 1990, the Florida Legislature enacted Chapter 90-72, Laws of Florida (1990), which provides that no structure for the drilling or production of oil or gas could be constructed within certain areas, including properties on which Coastal held a royalty interest. Coastal believes that the enactment of Chapter 90-72 constitutes a taking of its royalty interest and, therefore, filed an inverse condemnation action seeking compensation for this alleged taking.
As indicated above, the state moved for summary judgment, arguing essentially that, because no lease for drilling had been granted by the state during the 15 years since entry of the settlement and because Coastal had no authority to compel the state to grant a lease for drilling, Coastal's royalty right was such an illusory interest that it could not be subject to a "taking."
The grant of summary judgment in favor of the state obviously involved the weighing and resolution of certain factual matters and the logical inferences therefrom, such as the expectation of the parties at the time the settlement was entered and the meaning and effect to be given to numerous documents submitted into evidence. Accordingly, summary judgment was improperly granted. Streeter v. Bondurant, 563 So.2d 729 (Fla. 1st DCA 1990). Similarly, we find that a partial summary judgment in favor of Coastal on the question of whether a taking occurred would be premature at this juncture of the case since the facts are far from "crystallized." See, Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985) (a summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law). By this decision, we make no determination as to the merits of any arguments of law relating to the merits of the underlying action.
*286 Accordingly, we REVERSE in part, AFFIRM in part and REMAND for further proceedings.
WEBSTER, MICKLE and VAN NORTWICK, JJ., concur.